UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EMMA B., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 25-5005-SKV <br><br> ORDER AFFIRMING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of her application for child's insurance benefits and Supplemental Security Income (SSI). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in August 2000, has a high school education, and has no past relevant work. AR 28. Plaintiff has not been gainfully employed. AR 262.

On May 26, 2022, Plaintiff applied for benefits, alleging disability as of September 1, 2019. AR 17. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff

requested a hearing. AR 17. After the ALJ conducted a hearing on February 1, 2024, the ALJ issued a decision finding Plaintiff not disabled. AR 17, 29.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since September 1, 2019.

**Step two**: Plaintiff has the following severe impairments: abnormality of spine NOS, Asperger's syndrome, generalized anxiety disorder with agoraphobia, and major depressive disorder.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity ("RFC")**: Plaintiff can perform full range of work at all exertional levels but with the following nonexertional limitations: she can tolerate occasional superficial interactions with coworkers; should not work as part of a team and not in close proximity to coworkers (not within 20 feet); can tolerate no required interactions with general public; can adapt to normal routine changes in a competitive work environment within normal tolerances; and should be in a work setting with predictable routine work changes.

**Step four**: Plaintiff has no past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 17-29.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 4. The parties consented to proceed before the undersigned Magistrate Judge. Dkt. 2.

---

[1] 20 C.F.R. §§ 404.1520 416.920.
[2] 20 C.F.R. Part 404, Subpart P., App. 1.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred in the RFC assessment and at step five. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A. The ALJ Did Not Err in the RFC Assessment

Plaintiff argues that the ALJ erred by formulating an RFC that does not account for her stress-related limitations. Dkt. 9. While she references her subjective symptom testimony, Dr. De La Fuente's opinion, Dr. Madden's opinion, and the lay witness statements as supportive of this limitation, she only challenges the ALJ's incorporation of Dr. De La Fuente's opinion into the RFC. Dkt. 9. As it is not this Court's job to "manufacture arguments" where none are presented, *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003), the Court only evaluates if the ALJ reasonably assessed Plaintiff's RFC.

Although the ALJ's RFC formulation limited Plaintiff to "normal routine changes in a competitive work environment within normal tolerances; and should be in a work setting with predictable routine work changes," she contends that does not account for her stress-related limitations and that the ALJ should have included a limitation to only "low-stress jobs."

The ALJ was not obliged to adopt all the limitations Plaintiff alleged simply because she found Dr. De La Fuente's opinion somewhat persuasive. Specifically, the ALJ found Dr. De La Fuente's opinion regarding Plaintiff's memory, abilities to understand and concentrate, and adaptation to be supported. AR 27. Plaintiff argues that, having found this portion of the opinion persuasive, the ALJ was obliged to include limitations regarding stress into the RFC. The ALJ found Dr. De La Fuente's opinions regarding Plaintiff's social limitations to be unpersuasive as inconsistent with Plaintiff's activities, but nevertheless "in consideration of her reported anxiety and agoraphobia, [] limit[ed] interaction with coworkers and the public." AR 27. Plaintiff does not challenge the ALJ's reasons for discounting portions of Dr. De La Fuente's opinion. While Plaintiff would have crafted a more restrictive RFC, that does not demonstrate an error in the ALJ's reasoning. "[T]he ALJ is responsible for translating and

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 4

incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r SSA*, 807 F.3d 996, 1006 (9th Cir. 2015). The ALJ fully accepted the opinions of reviewing physicians Drs. Regets and Anderson. AR 28. The ALJ accordingly constructed an RFC adopting the "specific cognitive limitations consistent with their assessments."[3] AR 28.

The RFC assessment, and hypotheticals posed to the vocational expert (VE), need only include the limitations supported by substantial evidence. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006). They need not account for limitations the ALJ properly rejected. *See Bayliss*, 427 F.3d at 1217-18 (where hypothetical contained all limitations found "credible" and supported by substantial evidence, ALJ properly relied on testimony VE gave in response to hypothetical). Moreover, the "final responsibility" for determining a claimant's RFC "is reserved to the Commissioner." 20 C.F.R. § 404.1527(d)(2).

The ALJ provided clear and convincing reasons, supported by substantial evidence, for discounting portions of Dr. De La Fuente's opinion, which Plaintiff does not challenge. Plaintiff further fails to identify any error in the ALJ's assessment of the medical opinion evidence, or in her discussion of the medical evidence of record. *See Bayliss*, 427 F.3d at 1217-18 (citing Social Security Ruling (SSR) 96-8p) ("In making his RFC determination, the ALJ took into account those limitations for which there was record support that did not depend on Bayliss's subjective complaints. Preparing a function-by-function analysis for medical conditions or impairments that the ALJ found neither credible nor supported by the record is unnecessary.").

---

[3] *Compare* AR 21 (ALJ's RFC formulation), *with* AR 81 (Dr. Anderson's opinion that "[t]he claimant retains the capacity to interact with others on an occasional/superficial basis. The ability to accept instructions from a supervisor is retained. . . . The claimant will have occasional difficulties with adapting to change, but will be able to adapt to normal, routine changes in a competitive workplace within normal tolerances. The clmt would be able to work in a setting that is predictable with routine work changes."), *and* AR 93 (Dr. Regets's opinion finding the same as Dr. Anderson).

### B. The ALJ Did Not Err at Step Five

Plaintiff also contends that the ALJ further erred in her evaluation of the VE testimony because the listed jobs require work in close proximity to others during the training period. Dkt. 9 at 13.

"In general, a VE's testimony may be substantial evidence on its own to support a nondisability finding." *Maxwell v. Saul*, 840 F. App'x 896, 898 (9th Cir. 2020) (citing *Ford v. Saul*, 950 F.3d 1141, 1160 (9th Cir. 2020)). The ALJ questions to the VE posited limitations identical to the RFC. AR 55-63. When the ALJ added a limitation that Plaintiff could not work in close proximity to others the VE reduced the number of jobs available as machine packer, but availability of all other positions remained the same. AR 57-58. The VE rendered her opinion consistent with the Directory of Occupational Titles ("DOT"), except that where the DOT did not directly address the hypothetical, like the different levels of interaction with different populations, the VE supplemented with her professional experience. AR 59. The ALJ appropriately relied on the VE's testimony to determine there were significant jobs available in the national economy Plaintiff could perform.

To the extent the DOT listing for cleaner, housekeeping, includes "renders assistance to patrons" as a job duty, any conflict between this description and Plaintiff's RFC is harmless. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (defining harmless error). The ALJ found that Plaintiff could do three jobs, each of which had more than 40,000 jobs available nationally. AR 29. Even without the housecleaner job considered, there are over 90,000 jobs available given Plaintiff's RFC, a significant number in the national economy. *See Buckins v. Berryhill*, 706 F. App'x 380, 381 (9th Cir. 2017) (citing *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 528-29 (9th Cir. 2014)) ("25,904 jobs available in these occupations plus the

occupation of children's attendant[, 5,104,] amount to a significant number of jobs in the national economy.")  Accordingly, Plaintiff fails to demonstrate any harmful error in the ALJ's findings.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 8th day of October, 2025.

*[signature]*

S. KATE VAUGHAN
United States Magistrate Judge

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 7